Roque Acosta, peticionario, *v.* Tribunal de Distrito de San Juan, Hon. Emilio S. Belaval, Juez, demandado.

Núm. 1685.—*Sometido:* Enero 22, 1947. *Resuelto:* Enero 30, 1947.

*Joaquín Velilla,* abogado del peticionario; *G. Jiménez Sicardó,* abogado del interventor, demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

En un pleito de desahucio en la corte de distrito·el demandante obtuvo sentencia sobre las alegaciones lanzando al demandado por haber dejado de pagar el canon de arrendamiento de cierta finca que el demandante había arrendado del Gobierno de la Capital y subarrendado al demandado bajo un contrato verbal por un canon convenido. Luego, a moción del demandado, la corte de distrito suspendió los procedimientos en el caso por el fundamento de que mientras éste estaba pendiente ante la corte de distrito, el Administrador de la Oficina de Administración de Precios de Puerto Rico, a tenor con la Ley núm. 464, Leyes de Puerto Rico, 1946, había reducido el canon que debía pagar el demandado. Esta resolución de la corte de distrito disponía que se dictaba sin perjuicio del derecho del demandante a iniciar la acción para el cobro de los cánones fijados por el Administrador de no haber el demandado pagado o consignado dichos cánones. Expedimos el auto de *certiorari* para revisar la resolución de la corte de distrito paralizando los procedimientos.

No tenemos que examinar las muchas cuestiones aquí discutidas toda vez que hay un defecto fatal en la resolución de la corte inferior. La sección 4 de la Ley núm. 464 provee en parte como sigue: *"No se aplicarán las disposiciones de esta Ley a propiedades pertenecientes a* la Autoridad Sobre

Hogares de Puerto Rico, las autoridades municipales de hogares, la Autoridad de Tierras, la Junta de Hogares Modelos, la Administración Federal de Hogares y las agencias o instrumentalidades del Gobierno de Estados Unidos de América, el Gobierno de Puerto Rico, *el Gobierno de la Capital* o los Gobiernos Municipales de Puerto Rico.'' (Bastardillas nuestras).

La corte de distrito rechazó la contención del demandante de que la Ley núm. 464 no era de aplicación a este procedimiento, diciendo: ''Si esta acción fuera del Gobierno de la Capital contra el demandante, no habría duda de que no serían aplicables al Gobierno de la Capital las disposiciones de la Ley de Alquileres Razonables. Pero aquí no se trata de una acción promovida contra el Gobierno de la Capital, arrendador original de la misma, sino de una acción de un arrendatario del gobierno contra un subarrendatario. No hay duda de que no existe nexo contractual ni de interés entre el arrendador, en este caso el Gobierno de la Capital, y el subarrendatario, en este caso el demandado Cruz Dueño. 4 Sánchez Román 765 (21, III); *Veve et als.* v. *The Fajardo Growers' Assn.*, 29 D.P.R. 654, 664, 665 y especialmente 667, tercer párrafo. No habiendo nexo jurídico ni de interés entre el arrendador original y el subarrendatario, el demandante en este caso no puede contra su subarrendatario invocar ningún privilegio que pudiera invocar el Gobierno de la Capital contra el demandante.''

No podemos convenir con la corte de distrito de que la exención de las propiedades pertenecientes al Gobierno de la Capital de las disposiciones de la Ley núm. 464, sólo se aplica a aquellas situaciones en que el Gobierno de la Capital está envuelto en la controversia como arrendador. Convenimos que el estatuto sería más equitativo si leyera como la corte inferior lo ha interpretado. Desgraciadamente, la Legislatura dispuso en términos amplios que la Ley núm. 464 no se aplicaría a propiedades pertenecientes al Gobierno de la Capital. Quizá debió haber limitado esta disposición

restringiendo la exención a los arrendamientos hechos por el Gobierno de la Capital, lo que hubiera hecho la ley aplicable a los subarrendamientos como el aquí envuelto. Pero si adoptáramos el criterio de la corte inferior estaríamos cambiando el lenguaje claro del estatuto. Sólo la Legislatura puede hacer esto.

*La resolución de la corte de distrito será revocada y se devolverá el caso para ulteriores procedimientos no inconsistentes con esta opinión.*